IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREG BERBAN, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | Civil Action No. 5:20-cv-1122 | |
| § | | |
| HOME DEPOT USA, INC., § | | |
| § | | |
| *Defendant.* § | JURY TRIAL DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Greg Berban, and files his Original Complaint against Defendant, Home Depot USA, Inc. Plaintiff would respectfully show this Honorable Court as follows:

## I.
### PARTIES

1.1  Plaintiff, Greg Berban, is a citizen of Guadalupe County, Texas.

1.2  Defendant, Home Depot USA, Inc. (hereinafter "Home Depot") is a for-profit corporation organized under the laws of the State of Delaware and with its principal place of business in Atlanta, Georgia. Home Depot may be served by serving Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701. Service is requested at this time.

## II.
### VENUE AND JURISDICTION

2.1  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000.00 and the case and controversy is between citizens of different states.

2.2     This Court has personal jurisdiction over the Defendant because they do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over each of them is proper.  This Court has specific personal jurisdiction over the Defendant.

2.3     This Court has specific personal jurisdiction over Defendant Home Depot because Home Depot purposely directed activities to the State of Texas and has availed itself of the privilege of conducting activities within Texas.  The claims made in this lawsuit arise foreseeably from the direction of those purposeful activities toward the State of Texas and from the purposeful availment by Defendant of the privileges and benefits of conducting business in the State of Texas.   Home Depot continuously holds itself out as conducting business in Texas.  Among other things, Home Depot maintains multiple stores throughout Texas,[1] offers services in hundreds of Texas communities,[2] advertises for employees in Texas[3] and employs and pays thousands of workers in the State of Texas, sells a substantial quantity of its own products and products manufactured by others in the State of Texas, and affirmatively solicits business directly from citizens and residents of the State of Texas.  Those activities, among others, demonstrate Home Depot's purposeful direction of economic activity to the State of Texas and its development of substantial and continuous contacts within the State of Texas.  The exercise of specific

---

[1]  This is illustrated on Home Depot's own website, which includes a directory of its stores within the State of Texas. *See* https://www.homedepot.com/l/tx.  Data aggregation sites suggest that Home Depot has nearly 2,000 locations in the United States and its territories, and that nearly 200 of those locations are in the State of Texas.  *See, e.g.,* https://www.scrapehero.com/location-reports/Homedepot-USA/ (identifying 1,988 Home Depot stores in the United States and that 180 of those stores (9%) are located in Texas).

[2]  The Store Directory on Home Depot's website also includes a list of Texas communities in which it offers services. *See* https://www.homedepot.com/l/tx.

[3]   Home Depot's website includes a page permitting job seekers to identify their locations, including locations in Texas, and determine the potential availability of jobs in that  locale.  *See* https://careers.homedepot.com/job-search-results/?location=Texas%2C%20USA&state=TX&country=US&radius=15.  Home Depot also posts available jobs in Texas to popular job search websites like indeed.com and ziprecruiter.com.

personal jurisdiction in this matter is appropriate, moreover, because Home Depot committed a tort in Guadalupe County, Texas while performing work within Texas. It was foreseeable to Defendant Home Depot that the purposeful direction of its activities to the State of Texas would result in a lawsuit in Texas. The exercise of specific personal jurisdiction over the Defendant is consistent with the Texas Long Arm Statute (as expressed in Chapter 17 of the Texas Civil Practice and Remedies Code), comports with due process, and does not offend traditional notions of fair play and substantial justice.

2.4     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, the occurrence giving rise to this lawsuit occurred in Guadalupe County, Texas.

### III.
### BACKGROUND FACTS

3.1     On April 14, 2020, Plaintiff Greg Berban, was visiting Home Depot to rent a 12-foot ladder.

3.2     As the Home Depot employee handed the 12-foot ladder to Plaintiff, an extension ladder fell from the rack, hitting Plaintiff in the head.

3.3     Under the negligent actions of omission and commission of Home Depot employees, agents, and/or contractors, who controlled the manner in which the ladders are hung in the store, Plaintiff suffered serious injuries.

3.4     At all relevant times, the employees, agents, and/or contractors of Home Depot were in the course and scope of their employment with Home Depot. Further, because Home Depot was in control over the manner in which the ladders were to be hung, Home Depot is liable for Plaintiff's injuries.

# CAUSES OF ACTION AGAINST HOME DEPOT USA, INC.

## IV.
### NEGLIGENCE AND RESPONDEAT SUPERIOR

4.1 Home Depot committed actions of omission and commission, which collectively and severally constituted negligence. That negligence proximately caused the incident in question and Plaintiff's damages.

4.2 Home Depot owed Plaintiff a duty to exercise ordinary care. Home Depot's acts or omission of negligence include, without limitation, one or more of the following:

(a) Failing to use ordinary care in properly training and monitoring its employees, agents, and/or contractors with respect to safe ladder hanging;

(b) Failing to use ordinary care in supervising its employees and/or agents' activities;

(c) Failing to use ordinary care to prevent its employees and/or agents from causing an unreasonable risk of harm to others;

(d) Failing to use ordinary care in taking precautions to protect the safety of others when its employees and/or agents perform or control work that is inherently dangerous;

(e) Failing to use ordinary care in protecting others from peril when the peril is under their control;

(f) Failing to use ordinary care in taking affirmative action to control or avoid increasing the danger from a condition that has been created by their conduct;

(g) Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

(h) Failing to exercise reasonable care in performing services for another;

(i) Negligently exercising control over its employees, agents, and/or contractors; and,

(j) Failing to use reasonable care under the circumstances.

4.3     Home Depot is liable for the conduct of its agents, servants, contractors, subcontractors, and/or employees under the doctrine of *respondeat superior*. The actions, omissions, and commissions of Home Depot by way of the actions of its agents, servants, contractors, subcontractors, and/or employees proximately caused the occurrence in question and the severe injuries suffered by Plaintiff, Greg Berban.

## V.
## PREMISES LIABILITY

5.1     In addition, or in the alternative, at the time of the incident, Home Depot occupied and/or controlled the premises where the incident occurred.

5.2     Plaintiff was on Home Depot's premises with the express or implied knowledge of Home Depot. Further, Plaintiff was on Home Depot's premises for the mutual benefit of both Plaintiff and Home Depot. Plaintiff was an invitee of Home Depot, which was open to the general public for the purposes of transacting business.

5.3     At the time of the subject incident, a condition of the premises - the manner in which Home Depot hung the ladders in its store - posed an unreasonable and foreseeable risk of harm. Home Depot had actual knowledge of the danger or knew or reasonably should have known of the danger posed by that condition.

5.4     Home Depot failed to exercise ordinary care to protect Plaintiff from the danger by failing to warn Plaintiff of the condition and failing to make that condition reasonably safe.

5.5     Home Depot exercised or retained some control over the manner in which the ladders in its store were hung and maintained while made available for purchase.

5.6     Home Depot's failure to use ordinary care proximately caused the incident in question and Plaintiff's injuries and damages.

# DAMAGES

## VI.
### ACTUAL DAMAGES

6.1     At the time of the incident in question, which forms the basis of this suit, Plaintiff, Greg Berban, was a healthy adult. As a result of the incident, Plaintiff suffered in the past and will likely suffer in the future, damages including physical pain, mental anguish, physical impairment, disfigurement, lost earnings, lost earning capacity, and reasonable and necessary medical expenses, for which the Plaintiff seeks recovery herein.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks prejudgment and post-judgment interest at the maximum legal rate.

## VIII.
### CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiff's right to recover and Defendant's liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1     Plaintiff requests a trial by jury and has tendered the requisite fee.

## X.
### PRAYER

10.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from Defendant for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with prejudgment interest and post-judgment interest, cost of suit, and such other and further

relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated this 21st day of September, 2020.

                                              Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Drive
Building 3 - Suite 100
San Antonio, Texas 78257
Telephone: (210) 447.0500
Fax: (210) 447.0501

By:    /s/ Shalimar S. Wallis
        FRANCISCO GUERRA, IV
        Texas State Bar No. 00796684
        Email: fguerra@wattsguerra.com
        SHALIMAR S. WALLIS
        Texas State Bar No. 24033191
        Email: swallis@wattsguerra.com

ATTORNEYS FOR PLAINTIFF